## DiRocco License

*Walter A. Henley* and *Fred T. Cadmus*, for appellant.

*Edward Hannum*, for Pennsylvania Liquor Control Board.

*J. Paul MacElree*, for protestant.

WINDLE, P. J., November 28, 1949. This is an appeal from an order of the Pennsylvania Liquor Control Board refusing to issue a restaurant liquor license

and amusement permit to John DiRocco. After testimony taken and argument the matter is now before us for disposition.

In accordance with the provisions of the last amendment (Act of May 20, 1949, P. L. 1551, sec. 2) of the Pennsylvania Liquor Control Act of November 29, 1933, special sessions, P. L. 15, we have heard "the application de novo on questions of fact, administrative discretion and such other matters as are involved" and, as heretofore consistently held by this court, without reference to any action the board may have taken, and have determined whether in our judgment the liquor license should be granted: Ten to Six Club Appeal, 52 D. & C. 609; In the Matter of Stamates J. Manukas, Q. S. Chester Co., misc. docket 7, p. 486; In re Jean Sentenac, 4 Chester 281. Having done so we have concluded that it should.

The application and required accompanying documents, including the bond, are in proper form. The moral character of applicant is good. He is the only one interested in the license. The building and its equipment meet the requirements of law for a restaurant. The premises for which the license is sought are within 300 feet of a lot of land owned by a school board and upon which a school is soon undoubtedly to be erected. A school building, capable of accommodating 900 pupils from 15 to 19 years of age, is to be completed within one year from the time the contract is let. Bids for the contract were to be opened October 20, 1949, nearly a month after the hearing on this appeal in this court. It is contemplated that another school unit on the same lot of land will subsequently be built to accommodate children from 12 to 15 years of age, after which the total number of pupils in attendance at the school will be 1,400 to 1,500.

The only reason advanced against the granting of the license here under consideration is that the restau-

rant premises are within 300 feet of a school, wherefore the issuance of the license is discretionary with the board, now this court, rather than mandatory, and that it is a proper exercise of this court's discretion to refuse to order that it be issued. No objection is made on any other ground. Counsel for the Liquor Control Board stated in open court at the time of hearing and argument that the license year for which the license here in question would be granted would expire January 31, 1950, that the license here applied for would not extend beyond that date.

We think this license must be granted. No school is in fact erected on the property owned by the school board within 300 feet of the premises proposed to be licensed. We have no doubt that in due time one will be built there but not before the expiration of applicant's license as now sought. When that is done any question raised by reason thereof may then be considered. At present however no school is within the prescribed distance of applicant's restaurant, nor will there be any during the life of this license. The land alone on which a school is to be built cannot, within the contemplation and intendment of the statutory provisions, constitute a school, especially when the obvious reason for that provision is considered. Without further laboring the point, we hold that the proximity of applicant's restaurant to the land owned by the school district in question on which no school building has been built, even though doubtless one will be but not before the expiration of the license applied for, does not render the issuance of a restaurant liquor license to applicant discretionary, but that, under the provisions of section 403 of the Pennsylvania Liquor Control Act of November 29, 1933, special sessions, P. L. 15, as amended, 47 PS §744-403, such license shall be issued, all other requirements of law having been complied with: In re Jean Sentenac, supra; as here they admittedly have. Appli-

cant's appeal must therefore be sustained and the license here applied for issued.

As respects the refusal of an amusement permit, no argument in regard thereto was made by counsel for appellant or the board. The issuance of such permits is provided for in section 602 of the Pennsylvania Liquor Control Act, subparagraph 14, last amended by the Act of May 21, 1943, P. L. 332, 47 PS §744-602. Therein appears no provision for an appeal from a refusal to issue a permit. Our attention has been directed to none. We will not entertain an appeal from such refusal.

Appeal from refusal to issue restaurant liquor license sustained. The Pennsylvania Liquor Control Board will grant to John A. DiRocco a restaurant liquor license for the premises located on Montgomery Avenue near Lincoln Avenue in West Goshen Township, Chester County, in accordance with the application heretofore filed with the board by the applicant.